UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

State of Ohio,                                                                Case No. 3:24-cr-164

          Plaintiff,

    v.                                                                 ORDER OF REMAND

A.S.,

          Defendant.

On May 8, 2024, Abbigail Febbo, on behalf of A. S., a minor, initiated this action by filing a Notice of Removal, (Doc. No. 1), purporting to remove Case Number 23M252 from the Erie County Court of Common Pleas, Juvenile Division ("Criminal Case"). For the reasons that follow, I remand this case to the Erie County Juvenile Court.

## I. BACKGROUND

The Notice of Removal contains very few facts. It appears that Abbigail Febbo, reported guardian of A.S., a minor, filed a Notice of Removal on the minor's behalf under 28 U.S.C. § 1455. It is not clear what purported underlying criminal action Defendant is attempting to remove. The Notice of Removal does not contain a copy of the state court pleadings. The Notice asserts, however, that the state criminal prosecution against A.S. is "contrary to the U.S. Constitution." (Doc. No. 1-1). The "Complaint" asserts that "the obligation to prohibit all corporal punishment of children falls directly under Article 19, 28(2), and 37 of the Conventions on the Rights of the Child,"

the State of Ohio does not have standing or jurisdiction to criminally prosecute A.S., and as a further basis for jurisdiction states federal courts "shall recognize fully the juridical personality of indigenous peoples." (Doc. No. 1). The defendant seeks dismissal of the underlying state court action because of a "grave breach of the United Nations Conventions on the Rights of the Child." (*Id.* at 4).

## II. DISCUSSION

As an initial matter, Abbigail Febbo, as guardian of A.S., cannot remove the minor's criminal case on her behalf.

A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257 (W.D. Mich. 1990). Here, there is no indication in the record that Ms. Febbo is a licensed attorney. She is therefore not authorized to represent A.S., a minor, in court, even as her legal guardian.

Even if the action was filed by the proper party, removal is improper.

*Pro se* pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). This liberal construction applies to notices of removal. *See Ditech Fin., LLC v. Dyer*, No. 3:18-CV-00789-GNS, 2019 U.S. Dist. LEXIS, at *3 n.1 (W.D. Ky. Feb. 4, 2019).

But there is a strong presumption against removal jurisdiction and, "[a]s with any removal statute, the defendant has the burden of establishing that removal is proper." *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989).

A criminal defendant who wishes to remove a criminal prosecution from a state court must follow the procedure outlined in 28 U.S.C. § 1455. The defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). And "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). A notice of removal of a criminal prosecution does not prevent the state court from proceeding with its case. 28 U.S.C. § 1455(b)(3).

Defendant has not included the appropriate state court documents with her Notice of Removal. And it is not clear from the face of the Notice that Defendant's attempt at removal is timely. Even assuming Defendant has met the procedural requirements of Section 1455, however, she has not established a cognizable basis for removal of her state court criminal case to this Court.

Section 1443 governs the limited substantive grounds upon which a state criminal action may be properly removed from state court to federal court. This statute provides that the following civil actions or criminal prosecutions may be removed: an action that is "(1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or "(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443; *see also City of Greenwood v. Peacock*, 384 U.S. 808 (1966).

3

Removal of a state criminal case under Section 1443(1) must satisfy two requirements.[1] First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.* (citing *City of Greenwood*, 384 U.S. at 825 (1966)). Further, a criminal defendant's claim that the law under which he is being prosecuted is vague or the prosecution is "a sham, corrupt, or without evidentiary basis" does not, standing alone, satisfy the requirements of Section 1443(1). *Id.*

Second, "it must appear that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson*, 421 U.S. at 219 (quoting *Georgia*, 384 U.S. at 803). This provision typically requires that "the denial be manifest in a formal expression of state law," *Georgia, supra*, such as a state legislative or constitutional provision. *Id.* at 799. Under this statute, "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood*, 384 U.S. at 828.

Here, Defendant does not allege the denial of civil rights on racial grounds under a federal equal rights law. Rather, she generically contends that the state court action is contrary to the Constitution. This statement is an insufficient ground for removal under Section 1443. *See Johnson*, 421 U.S. at 219; *see also City of Greenwood*, 384 U.S. at 825. Nor does Defendant allege that she cannot

---

[1] Section 2 of this statute does not apply here because that section applies "only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 825. Defendant is not such a person as defined in this section and therefore not authorized to remove a criminal prosecution under 28 U.S.C. § 1443(2).

4

enforce her purported federal rights within the context of the state court proceedings. *See Conrad*, 871 F.2d at 615 (citing *Johnson*, 421 U.S. at 219-20 and *City of Greenwood*, 384 U.S. at 828). Defendant has therefore failed to satisfy her burden to show that removal of her criminal case is proper.

Accordingly, liberally construing Defendant's Notice of Removal, the Notice does not contain allegations identifying cognizable substantive grounds under 28 U.S.C. §1443 for removal of the Criminal Case to federal court.

### III. CONCLUSION

For the foregoing reasons, I remand this matter to the Erie County Juvenile Court.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
